Eastern District of Kentucky
FILED

JUL 1 4 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

| | |
|---|---|
| **BARRY M. HELTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CHARLIE G. DIXON,** individually and in | ) |
| official capacity; **CITY OF BARBOURVILLE;** | ) |
| **JOHNNY MILLS; UNKOWN KNOX COUNTY** | ) |
| **911 SERVICES EMPLOYEES; UNKNOWN** | ) |
| **BARBOURVILLE POLICE OFFICERS;** | ) |
| **KNOX FISCAL COURT; TAMMY WINE;** | ) |
| **DENISE CRAWFORD; DONNA SMITH;** and | ) |
| **ANCIL HALL,** | ) |
| | ) |
| Defendants, | ) |

Docket No. 2005-377-KKC

## COMPLAINT

Now comes the plaintiff, Barry M. Helton, personally and as counsel, being a
private practitioner, and complaining against the defendants, Charlie G. Dixon, et. al.,
alleges as follows:

### JURISDICTION AND VENUE

1. Every cause of action herein arises under the Constitution of the United
States, particularly the Fourth, Sixth, and Fourteenth Amendments to the Constitution of
the United States, and under the laws of the United States, particularly the Civil Rights
Act, 42 U.S.C.A. sections 1983 and 1988.

2. The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A.

page 1

sections 1331 and 1343.

3. The matter in controversy exceeds, exclusive of interest and costs, the jurisdictional limits of this court.

4. Venue is placed in this district and division because it is where all the defendants reside and where the events complained of occurred.

## PARTIES

5. Plaintiff, Barry M. Helton, is now, and at all times mentioned was, a citizen of the United States of America, and resident of Hebron, Boone County, Kentucky.

6. Defendant, Barbourville, Kentucky, is a municipal corporation, organized and existing under and by virtue of the Constitution and laws of Kentucky, and is located in Knox County, Kentucky.

7. Defendant(s), names unknown, are now, and at all times mentioned were, duly appointed, employed, and acting police officers of defendant Barbourville, Knox County, Kentucky, and in doing all things described below were acting under color of their state authority and under color of statutes, regulations, customs, and usages of the Barbourville Police Department and the City of Barbourville. Defendants are residents of that city and county and are sued individually and in their official capacity.

8. Defendant, Johnny Mills, is the duly appointed Chief of Police of defendant, Barbourville, Knox County, Kentucky, and defendant(s), name(s) unknown, are Knox County 911 Services employee(s), and in doing all things described below were acting under color of their state authority and under color of statutes, regulations, customs, and usages of the Barbourville Police Department and the City of Barbourville.

Page 2

Defendants are residents of that city and county and are sued individually and in their official capacities.

9.  Defendant, Knox County Fiscal Court, is a government entity, organized and existing under and by virtue of the Constitution and laws of Kentucky, and is located in Barbourville, Knox County, Kentucky, and defendant, Tammy Wine, is the treasurer of the Knox County Fiscal Court, and in doing all things described below were acting under color of their state authority and under color of statutes, regulations, customs, and usages of the City of Barbourville and county of Knox, Kentucky.  Defendants are residents of that city and county and are sued individually and in their official capacities.

10. Defendant, Denise Crawford, is the Trial Commissioner of the Knox District Court, which is located in Barbourville, Knox County, Kentucky, and in doing all things described below was acting under color of of her state authority and under color of statutes, regulations, customs, and usages of the City of Barbourville.   This defendant is a resident of that city and county and is sued individually and in her official capacity.

11. Defendant, Charlie G. Dixon, is now, and at all times mentioned was, an employee, and believed to be the chief officer, of the Knox County Cold Check Collection Program, an entity organized and existing, under and by virtue of the Constitution and laws of Kentucky, and defendant, Charlie G. Dixon, also serves as the duly elected Knox County Attorney, both entities of which are located in Barbourville, Knox County, Kentucky, with identical mailing addresses, and in doing all things described below was acting under color of his state authority and under color of statutes, regulations, customs, and usages of the Knox County Cold Check Collection Program

and the City of Barbourville. This defendant is a resident of that city and county and is sued individually and in his official capacity.

12. Defendants, Donna Smith and Ancil Hall, are now, and at all times mentioned were, employees of the Knox County Cold Check Collection Program, an entity which is located in Barbourville, Knox County, Kentucky, and both of whom are serving in the capacity of Collection Specialists, with a business address identical to that of the Knox County Attorney, and in doing all things described below were acting under color of government authority and under color of statutes, regulations, customs, and usages of the office of the Knox County Attorney and the City of Barbourville. These defendants are both residents of that city and county and are sued individually and in their official capacity.

## CAUSE OF ACTION

13. Paragraphs 1 through 12 of the Complaint are incorporated by reference.

14. The United States Constitution and the Kentucky Constitution guarantee all persons the equal protection of the law, including their right to liberty, procedural due process of law, substantive due process, and protection against unreasonable seizure and confinement.

15. On June 29, 2004, plaintiff issued in good faith a check (#1010) to defendant, Knox County 911 Services, in the amount of $25.00. Said fee was for anticipated services obtained from said defendant for use in a criminal case plaintiff was involved in as the defense attorney in the Knox District Court, Knox County, Kentucky. The Commonwealth was represented by the Knox County Attorney's Office of defendant

Charlie G. Dixon.

16. At some point after June 29, 2004 and before July 8, 2004 said check was returned to sender due to the check not being honored by the bank it was issued on.

17. At no time prior to plaintiff's arrest on July 14, 2004, was the plaintiff notified by any of the named defendants in this complaint that the subject check was not honored for lack of funds, that it had not been sent back for payment from the drawee, or that plaintiff owed any of the named defendants for payments due as a result of the bounced check.

18. On July 8, 2004, a Criminal Complaint was issued on behalf of the Knox District Court by defendant Denise Crawford in her capacity as Trial Commissioner of the Knox District Court. Said complaint alleges the plaintiff in the herein case unlawfully committed the offense charged by issuing to the Affiant a check #1010 in the amount of $25.00 knowing that said check would not be honored. Affiant set bail in the amount of $1,000.00 secured by cash. No summons for appearance in court by said plaintiff was ever issued to said plaintiff, even though this is the common practice in the Knox court. The amount of bail required was well above the well-known guidelines used by the Knox Court and was known to be so by defendant Denise Crawford.

19. On July 14, 2004, plaintiff was arrested at 18:00 in the Knox County Courthouse by a Barbourville City police officer immediately following the conclusion of the criminal trial in which plaintiff was defense counsel. The 911 dispatcher referred to earlier, and a Barbourville police officer, testified at said trial, and the Knox County Attorney's office prosecuted the trial. All relevant unnamed Barbourville police officers

Page 5

and, all relevant unnamed 911 dispatchers knew plaintiff was the defense attorney in the relevant criminal trial to the subject check charge, and that plaintiff was being illegally arrested and confined.

20. During the pendency of the above mentioned criminal trial, plaintiff caused to be issued a bill of particulars against the defendant Knox County Attorney's office, in which said discovery material had at first been refused to be provided by said county attorney, and which was reluctantly and untimely presented to plaintiff. Said discovery was voluminous and time consuming to acquire. Plaintiff also vehemently examined said county attorney's officer witnesses as to their veracity and qualifications at the above mentioned trial. Said county attorney displayed great animosity towards plaintiff at relevant times to this action.

21. At all times relevant herein, defendant Knox County Attorney knew plaintiff was a fellow member of the local bar associations and had complete access to plaintiff's mailing address and phone number.

22. At all times relevant herein, Charlie G. Dixon, Jr. in his capacity with the Knox County Cold Check Collection Program, knew the plaintiff was an attorney and knew his correct mailing address and phone number.

23. As a result of costs imposed by the dishonored check, there was a county attorney fee and a Knox County Cold Check Collection Program fee assessed against the plaintiff.

24. At all times relevant herein, all named defendants and unknown defendants had knowledge, constructive or otherwise, that plaintiff was an attorney involved in the

page 6

criminal trial relevant to the subject check, and of plaintiff's mailing address and phone number, and that plaintiff was being illegally charged, arrested, and confined.

25. Plaintiff was confined in the Knox County Detention Center, pursuant to the above mentioned arrest, for approximately between one and two hours. Plaintiff was released on his own recognizance.

26. Tammy Wine was the Affiant of the relevant Criminal Complaint filed against the plaintiff, and at all relevant times on July 8, 2004, and relevant times thereafter, knew the charge was false and was illegally brought without probable cause and in violation of the plaintiff's rights enumerated above. Said affiant knew said charge against plaintiff was brought maliciously, with no justifiable cause, and with intent to injure plaintiff in plaintiff's reputation and business and to bring plaintiff into public disgrace.

27. On July 8, 2004, and relevant times thereafter, all named and unknown defendants knew that the Criminal Complaint charge was false and was illegally brought without probable cause and in violation of the plaintiff's rights enumerated above. Said defendants knew said charge against plaintiff was brought maliciously, with no justifiable cause, and with intent to injure plaintiff in plaintiff's reputation and business and to bring plaintiff into public disgrace.

28. Because of the behavior of the named defendants and unknown defendants, and as a direct result, plaintiff's business has been detrimentally effected. Plaintiff's charge is on his criminal record and is public record. Plaintiff's charge was mentioned by a potential and a future employer as a concern. Plaintiff was denied employment by

several employers and plaintiff has a good faith belief that this charge on his record was a direct cause to his denial of employment.   Plaintiff was forced to miss scheduled work because of his duty to address the Criminal Complaint filed against him.  Plaintiff has incurred expenses and costs pursuant to said defendants conduct and his obligation to address the Criminal Complaint. Plaintiff believes potential clients who are aware of the Criminal Charge against plaintiff will seek advice elsewhere, who otherwise may have employed the plaintiff.

29. On hearing the charge, the trial judge immediately reduced plaintiff's bond. Plaintiff entered a bill of particulars at the hearing and requested the action proceed. Defendant Knox County Attorney's prosecutor insisted he would not prosecute the charge.  The trial judge dismissed the charge in open court.

30. All named defendants and unknown defendants, unlawfully, wrongly, and maliciously combined, confederated, and conspired to institute the mentioned criminal complaint, not to vindicate the law, or to arrest and punish plaintiff for the charged offense, but for the wrongful, unlawful, and malicious purposes mentioned in numerical paragraph  27 above.

**WHEREFORE,** plaintiff requests judgment against named and unknown defendants, and each of them, for:

    1. $750,000.00  as compensatory damages;

    2. $1,000,000.00  as punitive damages;

    3. Reasonable attorney fees;

4. Costs of suit; and

5. Such other and further relief as the court deems just and proper.

BARRY M. HELTON
Attorney for Plaintiff
P.O. Box 175784
Ft. Mitchell, KY 41017
(513) 383-0479

Page 9