UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON


CIVIL ACTION NO. 05-CV-377-KKC

BARRY M. HELTON                                                                         PLAINTIFF


VS:                          **MEMORANDUM OPINION AND ORDER**


CHARLEY G. DIXON, ET AL.                                                        DEFENDANTS


On March 21, 2006, the Court entered a Memorandum Opinion and Order which addressed

and granted several motions to dismiss, under Fed.R.Civ.P. 12, which various defendants had filed.

Individual capacity claims against two defendants, Tammy Wine and Donna Smith, were left for

further disposition and the motions to dismiss as to those two defendants were denied.  After a

lengthy Opinion which addressed in detail the facts and legal posture of the case, the Court made the

following dispositions of the defendants' Rule 12 motions:

(1)     The "Motion for To Dismiss" [Record No. 12] of Defendant Denise Crawford, Knox
County Trial Commissioner, is **GRANTED**, and the plaintiff's official and individual capacity
claims against Crawford are **DISMISSED**.

(2)     The "Motion to Dismiss" and "Amended Motion to Dismiss" of Defendants Knox
County Fiscal Court, Tammy Wine, Donna Smith, Ancil Hall, and Charley G.  Dixon [Record Nos.
14 and 16] are **GRANTED in PART and DENIED in PART**:

(A)     The "Motion to Dismiss" is **GRANTED** as to Defendants Knox
County Fiscal Court, Charley G.  Dixon, and Ancil Hall.

(B)     The plaintiff's *official* and *individual* capacity claims against Charley
G.  Dixon and Ancil Hall are **DISMISSED**.

1

(C)      The "Motion to Dismiss" is **DENIED** as to the *individual* capacity claims of Defendants Tammy Wine and Donna Smith, and those claims will go forward;

(D)      The "Motion to Dismiss" as to the *official* capacity claims against Defendants Tammy Wine and Donna Smith are **GRANTED** and those claims are **DISMISSED**.[1]

(3)      The "Motion for To Dismiss" and the "Amended Motions to Dismiss" of Defendants City of Barbourville, Kentucky; Johnny Mills; and unknown Barbourville Police Officers" [Record Nos. 18, 19 and 21] are **GRANTED**.

(4)      The "Motion to Strike Plaintiff's Response" filed by Defendants Knox Fiscal Court, Tammy Wine, Donna Smith, Ancil Hall, and Charley G. Dixon [Record No. 23] is **DENIED**.

(5)      The "Motion to Strike Plaintiff's Response" filed by Defendant Denise Crawford [Record Nos. 24 and 25] is **DENIED**.

*See* Record No. 26, Mem. Op. And Order, pp. 24-25.[2]

Defendants Charley G. Dixon, the Knox Fiscal Court, Denise Crawford, and Ancil Hall have now filed a motion seeking a certification from this Court, under Fed. R. Civ. P. 54(b), that their dismissal on March 21, 2006, was a "final and appealable" adjudication [Record No. 33]. The defendants seek the entry of a final judgment on their behalf.

The Court has discretionary authority to enter a final judgment under these circumstances. Fed. R. Civ. P. 54(b) is designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action. This rule provides:

(b) **Judgment upon Multiple Claims or Involving Multiple Parties**. When more

---

[1] This entry was designated as Paragraph 2(C) but should have been marked as Paragraph 2 (**D**).

[2] The Court is perplexed that the defendants have stated in their current motion that "it is difficult to tell under what Federal Rule of Civil Procedure these Defendants were dismissed." [Record No. 33, p. 1]  In the Court's March 21, 2006 Mem. Op. & Ord., at p. 11, the Court clearly and expressly discussed that it was employing a Rule 12 analysis of the various defendants' claims.

than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

## DISCUSSION

*Solomon v. Aetna Life Ins. Co.* 782 F.2d 58, 61 (6th Cir. 1986) discusses the propriety of a district court's decision to certify a claim for immediate appeal under Rule 54(b) merits. *Solomon* holds that such a decision is due substantial deference. *Id*. at 61, citing *Curtiss-Wright Corp. v. General Electric*, 446 U.S. 1, 12, 100 S.Ct. 1460, 1467, 64 L. Ed.2d 1 (1979). According to *Curtiss*, "that deference requires a district court to weigh and examine the competing factors involved in the certificate decision. *Id*., 446 U.S. at 10, 100 S.Ct. at 1466.

The Sixth Circuit held in *Solomon* that a " proper exercise of discretion under Rule 54(b) requires the district court to do more than just recite the 54(b) formula of "no just reason for delay." *Solomon*, 782 F.2d at 61. *Solomon* requires a district court to consider, and discuss, the relevant factors discussed in *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975).

*Allis-Chalmers*, at 521 F.2d at 364, summarized some of the relevant factors in reviewing Rule 54(b) certification as:  (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in

the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

Applying these factors to the instant proceeding, the Court is persuaded that judicial economy will best be served by delaying the entry of a final judgment until all of the issues can be confronted by this Court in unified fashion. Here, the adjudicated and pending claims are closely related and stem from essentially the same factual allegations. *See Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir.1980). *Accord, Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962 (9th Cir.1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)].").

Moreover, postponement of a final judgment until the remaining claims have been adjudicated presents no danger of prejudice, hardship or injustice to any of the parties. The record reflects that the plaintiff's deposition is scheduled for September 7, 2006, and that a settlement conference is scheduled for November 22, 2006, less than three months from now. In summary, the factor of judicial economy dictates that the defendants' motion be denied.

<u>CONCLUSION</u>

Accordingly, the motion of Defendants Charley G.  Dixon, Knox Fiscal Court, Denise

Crawford, and Ancil Hall, to enter a Fed. R. Civ. P. 54(b) certification, [Record No. 33] is **DENIED**

as premature.

     Dated this 28th day of August, 2006.

**Signed By:**

_**Karen K. Caldwell**_  _KKC_

**United States District Judge**